1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| LESLIE PETIT, )  | Case No. EDCV 11-02001-JEM |
| )  | |
| Plaintiff, )  | |
| )  | MEMORANDUM OPINION AND ORDER |
| v. )  | REVERSING DECISION OF |
| )  | COMMISSIONER AND REMANDING |
| MICHAEL J. ASTRUE, )  | FOR FURTHER PROCEEDINGS |
| Commissioner of Social Security, )  | |
| )  | |
| Defendant. )  | |
| )  | |

12

13

14

15

16

17

18

**PROCEEDINGS**

19    On December 23, 2011, Leslie Petit ("Plaintiff or Claimant") filed a complaint seeking

20  review of the decision by the Commissioner of Social Security ("Commissioner") denying

21  Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed

22  an Answer on March 28, 2012.  On August 27, 2012, the parties filed a Joint Stipulation ("JS").

23  The matter is now ready for decision.

24    Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate

25  Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court

26  concludes that the Commissioner's decision must be reversed and the case remanded for

27  further proceedings in accordance with this Memorandum and Order and with law.

28

**BACKGROUND**

Plaintiff is a 63 year old female who applied for Social Security Disability Insurance benefits on June 5, 2009, alleging disability beginning July 1, 2008.  (AR 9.)  Plaintiff did engage in substantial gainful activity through August 2009, but with accommodations.  (AR 11.)

Plaintiff's claim was denied initially on February 22, 2010, and on reconsideration on April 8, 2010.  (AR 9.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sharilyn Hopson on April 25, 2011, in San Bernardino, California.  (AR 9.)  Claimant appeared and testified at the hearing, and was represented by counsel.  (AR 9.)  Medical expert Samuel Landau, M.D., and vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing.  (AR 9.)  The ALJ issued an unfavorable decision on May 20, 2011.  (AR 9-15.)  The Appeals Council denied review on November 4, 2011.  (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as the basis for reversal and remand:

1.    Whether the ALJ properly considered if Plaintiff meets and/or equals Listing 1.03.

2.    Whether the ALJ properly considered if Plaintiff meets and/or equals Listing 1.04.

3.    Whether the ALJ properly considered the demands of Plaintiff's past relevant work.

4.    Whether the ALJ properly complied with SSR 96-7p in considering the impact of Plaintiff's medication side effects on her ability to perform work related tasks.

5.    Whether the ALJ properly used and considered the Medical-Vocational Guidelines ("Grids") in her determination.

6.    Whether the ALJ made proper credibility findings and properly considered Plaintiff's subjective symptoms.

7.    Whether the ALJ provided a complete and proper assessment of Plaintiff's residual functional capacity.

8.    Whether the ALJ posed a complete hypothetical question to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

1   in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137,

2   140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or

3   combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not

4   significantly limit the claimant's ability to work.  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.

5   1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an

6   impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d

7   at 746.  If the impediment meets or equals one of the listed impairments, the claimant is

8   presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine

9   whether the impairment prevents the claimant from doing past relevant work.  Pinto v.

10   Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination,

11   the ALJ first must determine the claimant's residual functional capacity ("RFC").[1]  20 C.F.R. §

12   416.920(e).  The RFC must consider all of the claimant's impairments, including those that are

13   not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If

14   the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ

15   proceeds to the fifth step and must determine whether the impairment prevents the claimant

16   from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th

17   Cir. 2000).

18          The claimant bears the burden of proving steps one through four, consistent with the

19   general rule that at all times the burden is on the claimant to establish his or her entitlement to

20   benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the

21   burden shifts to the Commissioner to show that the claimant may perform other gainful activity.

22   Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a

23   claimant is not disabled at step five, the Commissioner must provide evidence demonstrating

24   that other work exists in significant numbers in the national economy that the claimant can do,

25   given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the

26

27          [1]  Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations"
     and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1),
28   416.945(a)(1).

4

1  Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.

2  Id.

3  **THE ALJ DECISION**

4  In this case, the ALJ determined at step one of the sequential process that Plaintiff did

5  engage in substantial gainful activity through August 2009, but with accommodations.  (AR 11.)

6  At step two, the ALJ determined that Plaintiff has the following combination of medically

7  determinable severe impairments: degenerative disc disease of the neck and low back treated

8  with lumbar laminectomy and fusion and anterior cervical discectomy and fusion; left total knee

9  replacement; obesity; collagenous colitis; irritable bowel syndrome; status post trigger finger

10  releases; and asthma.  (AR 11. )

11  At step three, the ALJ determined that Plaintiff does not have an impairment or

12  combination of impairments that meets or medically equals one of the listed impairments.  (AR

13  12.)

14  The ALJ then found that the Plaintiff had the RFC to perform less than the full range of

15  sedentary work as defined in 20 CFR § 404.1567(a).  Specifically, she can do the following:

16  . . . lift and/or carry 10 pounds occasionally and frequently; stand and/or

17  walk 2 hours in an 8-hour workday for 15-30 minutes at a time using a cane

18  as needed and avoiding uneven surfaces; and sit 6 hours in an 8 hour

19  workday with normal breaks such as every 2 hours with provision to stand

20  and stretch as needed for 1-3 minutes hourly.  She can occasionally stoop

21  and bend.  She can climb stairs but she cannot climb ladders, work at

22  heights, or balance.  She cannot do forceful gripping, grasping, or twisting,

23  but she can do up to frequent fine manipulation such as keyboarding and

24  gross manipulation such as opening drawers and carrying files.  She can do

25  occasional neck motion and but should avoid extremes of motion.  Her head

26  should be held in a comfortable position at other times.  She can maintain a

27

28

1   fixed head position for 15-30 minutes at a time occasionally.  She can work

2   above shoulder level only occasionally.

3   (AR 12.)

4   At step four, the ALJ found that Plaintiff is able to perform past relevant work as a

5   transaction coordinator/mortgage clerk and receptionist.  (AR 14-15.)

6   Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the

7   Social Security Act.  (AR 15.)

8   **DISCUSSION**

9   The ALJ's short, conclusory opinion must be reversed.  The ALJ failed to make requisite

10  findings and failed to consider the combined effect of Plaintiff's multiple impairments in

11  numerous findings.

12  **I.    THE ALJ FAILED TO MAKE REQUISITE FINDINGS ON
       WHETHER PLAINTIFF MEETS OR EQUALS LISTING 1.03**

13  Plaintiff contends that the ALJ did not properly consider or evaluate whether she meets

14  or equals Listing 1.03.  The Court agrees.

15  The ALJ found that Plaintiff has the severe impairment of left total knee replacement.

16  (AR 11.)  Plaintiff contends that this impairment meets or equals Listing 1.03, which contains

17  the following requirements:

18  <u>Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint</u>,

19  with inability to ambulate effectively, as defined in 1.00B2b, and return to

20  effective ambulation did not occur, or is not expected to occur, within 12 months

21  of onset.

22  20 C.F.R. § 404, Subpt. P, Appendix 1, Listing 1.03.  Section 100B2b of Appendix 1 defines

23  inability to ambulate effectively as an "extreme limitation of the ability to walk."  An example of

24  ineffective ambulation is "the inability to walk a block at a reasonable pace on rough or uneven

25  surfaces."  Plaintiff argues that the ALJ's RFC finding that Plaintiff should avoid uneven

26  surfaces meets Section 100B2b.  Plaintiff also asserts that the combined effects of all her

27  impairments, particularly her obesity, equal Listing 1.03.

28

1    The ALJ made but a boilerplate finding that Claimant does not have an impairment or

2    combination of impairments that meets or medically equals one of the listed impairments.  (AR

3    12.)  This finding is insufficient and not even specific as to Listing 1.03.  In Lewis v. Apfel, 236

4    F.3d 503, 512 (9th Cir. 2001), the Ninth Circuit held:  "An ALJ must evaluate the relevant

5    evidence before concluding that a claimant's impairments do not meet or equal a listed

6    impairment.  A boilerplate finding is insufficient to support a conclusion that a claimant's

7    impairment does not do so."  (Emphasis supplied.)

8    The ALJ also found that "Listing Sections 1.02, 1.04 and 5.06 have been considered and

9    found not be met or medically equaled." (AR 12.)  This is a concession that Listing 1.03 was

10   not considered; in fact, the Commissioner spends two pages in his portion of the Joint

11   Stipulation discussing Listings 1.02, 1.04 and 5.06 before addressing 1.03.  In any event the

12   ALJ's finding was a conclusory, boilerplate finding with no discussion at all and does not even

13   mention Listing 1.03.

14   Elsewhere in the opinion, the ALJ notes that Dr. Landau, the medical expert, testified

15   that Plaintiff's impairments "do not meet or medically equal the listings." (AR 14.)  This too is a

16   conclusory, boilerplate finding devoid of discussion and not specific to Listing 1.03.

17   The ALJ decision does not meet the standard articulated in Lewis as to Listing 1.03.

18   There is no specific consideration, evaluation, or discussion of the evidence regarding Listing

19   1.03 and no indication that Listing 1.03 was ever considered.

20   In an implied harmless error argument, the Commissioner argues that the ALJ's RFC

21   finding that Plaintiff should avoid walking on uneven surfaces is not the same as being

22   incapable of walking on uneven surfaces, and thus Plaintiff does not meet Section 102B(2)(b).

23   The Court cannot consider this argument because it does not appear in the ALJ decision and

24   there is no indication that the ALJ or Dr. Landau ever considered the point.  Connett v.

25   Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (Court cannot consider arguments not addressed in

26   ALJ decision).

27   The Commissioner also argues that the ALJ was entitled to rely on Dr. Landau's

28   testimony that Plaintiff did not meet or equal a listing because, even though he is a non-

7

1  examining physician, his opinion was not contradicted and was supported by other evidence of

2  record.  Andrews v. Shalala, 53 F.3d 1035, 1042 (9th Cir. 1995).  There are two problems with

3  the Commissioner's argument.  First, the ALJ decision remains a deficient, conclusory,

4  boilerplate finding that does not mention or discuss Listing 1.03 or give any indication that the

5  ALJ ever considered Listing 1.03.  Second, Dr. Landau's testimony itself was a conclusory,

6  boilerplate opinion that does not mention or discuss Listing 1.03 specifically.  (AR 48.)  There is

7  no indication he ever considered it.

8        There is yet another problem with the ALJ's step three finding as it relates to Listing 1.03.

9  There is no indication that the ALJ ever considered the effect of Plaintiff's combined

10  impairments and whether her combined impairments, particularly Plaintiff's obesity, equaled

11  Listing 1.03.  An ALJ must consider a claimant's illnesses in combination and "not be

12  fragmentized in evaluating the effects."  Beecher v. Heckler, 756 F.2d 693, 694-95 (9th Cir.

13  1985).  An ALJ must consider the combined effect of all of a claimant's impairments in his or

14  her ability to function "without regard to whether each alone was sufficiently severe."  Smolen,

15  80 F.3d at 1290.  The Ninth Circuit requires that the ALJ must make "sufficient findings" on

16  equivalence, and must adequately explain his or her evaluation of the combined effects of

17  impairments.   Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).  All that appears in the ALJ

18  decision is a conclusory, boilerplate opinion that Plaintiff does not meet or equal any listed

19  impairment.  (AR 12.)  There is no explanation or evaluation nor reference to Listing 1.03 nor

20  any indication the ALJ considered the effects of Plaintiff's combined impairments in regard to

21  whether they equal Listing 1.03.

22        The Commissioner points out that Dr. Landau was fully aware of all of Plaintiff's

23  impairments, including her obesity, in finding that she does not meet or equal a listing.  (AR 14,

24  48.)  Again, however, neither the ALJ nor Dr. Landau expressly discuss the effects of Plaintiff's

25  combined impairments as to Listing 1.03 or any other listing.  There is neither adequate

26  explanation nor sufficient findings about combined effects or equivalence.  There is no

27  discussion at all of obesity, other than to note that it is a severe impairment.  As it is, Plaintiff

28  has multiple severe impairments (AR 11), and the ALJ found Plaintiff to be capable of

1 | performing less than the full range of sedentary work.  (AR 12.)  Being that limited,

2 | consideration of the combined effects of Plaintiff's impairments reasonably might be expected

3 | to push her across the line in terms of establishing equivalence and disability as to Listing 1.03.

4 | Thus, the ALJ's error in failing to make requisite findings on combined effects and equivalence

5 | cannot be said to be harmless.  Carmichael v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162-

6 | 63 (9th Cir. 2008) (error must be inconsequential to non-disability decision to be harmless).

7 |      The ALJ failed to make requisite findings on whether Plaintiff met or equals Listing 1.03.[2]

8 | **II.     THE ALJ'S RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**

9 |      Plaintiff presents several claims that concern the ALJ's RFC, including credibility and

10 | medication side effects, that also have implications for the ALJ's hypothetical question to the VE

11 | and the PRW finding.  An RFC is not a medical determination but an administrative finding or

12 | legal decision reserved to the Commissioner based on consideration of all the evidence,

13 | including the medical evidence, lay witness and subjective symptoms.  See SSR 96-5p; 20

14 | C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all the relevant

15 | evidence in the record, including medical records, lay evidence, and the effects of symptoms,

16 | including pain reasonably attributed to the medical condition.  Robbins, 466 F.3d at 888.

17 |      **A.     The ALJ Improperly Discounted Plaintiff's Credibility**

18 |      Plaintiff contends that the ALJ improperly discounted Plaintiff's credibility in regard to her

19 | subjective symptoms.  The Court agrees.

20 |      1.     Relevant Federal Law

21 |      The test for deciding whether to accept a claimant's subjective symptom testimony turns

22 | on whether the claimant produces medical evidence of an impairment that reasonably could be

23 | expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341,

24 | 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v.

25 | Chater, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's

26 |

27 |      [2] Although the ALJ and Dr. Landau did consider Listing 1.04, there is no indication that either considered the effects of Plaintiff's combined impairments in regard to Listing 1.04 or whether

28 | those combined impairments "equal" Listing 1.04.  This too was error.

1  testimony on the severity of symptoms merely because they are unsupported by objective

2  medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds

3  the claimant's pain testimony not credible, the ALJ "must specifically make findings which

4  support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently

5  specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's

6  testimony."  Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); see also Rollins v.

7  Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is

8  evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

9  claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."

10  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what

11  testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722;

12  Smolen, 80 F.3d at 1284.

13                    2.       Analysis

14         Plaintiff testified at the hearing that she has to use a cane all the time for both balance

15  and strength.  (AR 42.)  Plaintiff also testified her knee does not quite cooperate at times and

16  lets go.  (AR 36.)  She has medication side effects that affect her attention span (AR 37-38, 40),

17  and she often must lie down during the day from fatigue.  (AR 41.)

18         The ALJ found that Plaintiff's statements concerning the intensity, persistence and

19  limiting effects of her symptoms are "credible only to the extent that they are consistent with the

20  residual functional capacity addressed herein."  (AR 14.)  Because there was no finding of

21  malingering,[3] the ALJ was required to provide clear and convincing reasons supported by

22  substantial evidence for discounting Plaintiff's credibility.  The ALJ failed to do so.

23         The ALJ's adverse credibility finding is not accompanied by any specific discussion of

24  Plaintiff's alleged symptoms.  The ALJ does not even mention Plaintiff's symptoms or identify

25  what testimony is not credible.  The ALJ does not discuss medication side effects or fatigue

26

27

28      [3] Dr. Andia on whom the ALJ relied in part found no evidence of exaggeration or manipulation
    on the part of Plaintiff in his psychiatric evaluation.  (AR 14.)

1  anywhere in the decision.  All that remains is the ALJ's general discussion of the objective

2  medical evidence used to determine Plaintiff's RFC.  An ALJ may consider a lack of objective

3  medical evidence to corroborate a claimant's subjective symptoms so long as it is not the only

4  reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th

5  Cir. 2005); Thomas, 278 F.3d at 949.  Here, it is the only reason advanced, and insufficient by

6  itself, to discount Plaintiff's subjective symptom testimony.  The Commissioner attempts to

7  suggest multiple bases such as a good surgical result, medical opinions of record and objective

8  medical evidence, but these are all different examples of the objective medical evidence.

9  Additionally, Dr. Landau on whose opinion the ALJ relied for Claimant's RFC was not on the

10  phone when Plaintiff testified at the hearing about her subjective symptoms.  (AR 42.)

11        The ALJ improperly discounted Plaintiff's subjective symptom testimony.  The ALJ failed

12  to present sufficient findings on credibility or clear and convincing reasons supported by

13  substantial evidence to discount Plaintiff's credibility.[4]

14                                                **ORDER**

15        IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

16  REVERSED and REMANDED for further proceedings.

17        **LET JUDGMENT BE ENTERED ACCORDINGLY.**

18

19  DATED: September 11, 2012                                   */s/ John E. McDermott*
                                                              JOHN E. MCDERMOTT
20                                                            UNITED STATES MAGISTRATE JUDGE

21

22

23

24  _____

25     [4]  Necessarily, the ALJ's RFC is unsupported by substantial evidence, as is the hypothetical
    question posed to the VE and the past relevant work (PRW) finding.  There also was no discussion
26  of the accommodations of Plaintiff's job through August 2009 and their implications for the ALJ's
    RFC and PRW findings.  Moreover, the Commissioner's position on medication side effects was
27  based on the ALJ's adverse credibility determination, the reversal of which necessarily undermines
    the Commissioner's position on the issue.

28